# Third District Court of Appeal

## State of Florida

Opinion filed September 22, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-808
Lower Tribunal No. 10-20071
_____

**Melitina Valiente, etc.,**
Appellant,

vs.

**Garden Techs Landscaping Contractor & Property
Maintenance Inc.,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Mavel Ruiz, Judge.

Ramon M. Rodriguez, P.A., and Ramon M. Rodriguez, for appellant.

Atkinson, P.A., and John Bond Atkinson and Amanda Forti, for appellee.

Before SCALES, HENDON, and MILLER, JJ.

PER CURIAM.

Affirmed.  See Slavin v. Kay, 108 So. 2d 462, 467 (Fla. 1958) (holding that a contractor is relieved from liability for injuries sustained to a third party where the contractor has completed the work, the owner of the property has accepted the work, and the defect that caused the injury to the third party is patent); Valiente v. R.J. Behar & Co., 254 So. 3d 544 (Fla. 3d DCA 2018), review denied, SC18-1756, 2019 WL 1512709 (Fla. 2019); Plaza v. Fisher Dev., Inc., 971 So. 2d 918, 924-925 (Fla. 3d DCA 2007) ("We acknowledge that in most instances, whether an alleged defect is patent or latent is a question of fact for the jury to determine, and therefore, summary judgment cannot be granted.  However, in the instant case, as the undisputed material facts demonstrate that, as a matter of law, the alleged defects were patent, and that the injury occurred after Fisher completed its work on the Pottery Barn store and Williams-Sonoma accepted Fisher's work, the trial court correctly entered summary judgment in favor of Fisher under the Slavin doctrine as to the negligence count.") (citations omitted).